```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAFEGUARD LIGHTING SYSTEMS,   :        CIVIL ACTION
INC., et al.                  :
                              :
          v.                  :
                              :
NORTH AMERICAN SPECIALTY      :
INSURANCE CO.                 :        NO. 03-4145
```

MEMORANDUM

Bartle, J.                                              May 31, 2005

Plaintiffs, Safeguard Lighting Systems, Inc. ("Safeguard"), Safeguard International, Ray Royce, and Rita Royce, sued their insurer North American Specialty Insurance Co. ("North American") for failure to pay the proper amount allegedly due under an insurance policy for property which suffered water damage.

After the completion of discovery, United States Magistrate Judge Diane Welsh held a settlement conference attended by the plaintiffs Ray Royce and Rita Royce, as well as counsel for all parties. Thereafter, Judge Welsh reported to the undersigned that the matter was resolved. The defendant agreed to pay plaintiffs $500,000. There is no dispute that the case was to be dismissed, a release was to be signed, and the parties would enter into a confidentiality agreement. The court, on February 4, 2005, entered an Order under Local Civil Rule 41.1(b), dismissing the action with prejudice. Plaintiff has now

moved to vacate that order[1] on the ground there was no meeting of the minds for a settlement.  Plaintiffs contend that defendant intends to pay the $500,000 settlement to the Internal Revenue Service ("IRS") in satisfaction of IRS levies against plaintiff Safeguard rather than to plaintiffs themselves as plaintiffs contend was contemplated.  Defendant has also moved for fees and costs in connection with plaintiffs' motion.

From the undisputed record before us, the plaintiffs, their counsel, and defendant and its counsel were aware at all relevant times of the IRS levies against plaintiff Safeguard. The IRS had served defendant and its counsel with Notices of Levy setting forth in detail what plaintiff Safeguard owed to the United States.  The amount subject to levy had climbed to nearly $500,000 by the time of the settlement conference before Judge Welsh.  Within days thereafter, defendant and its counsel were served with an additional Notices of Levy which increased the amount due the United States to a sum well in excess of the $500,000 settlement.

Under the present circumstances, defendant is mandated to surrender the settlement funds to the IRS since they are subject to levy.  See 28 U.S.C. § 6332(a).  Once the money is paid to the IRS, defendant "shall be discharged from any obligation or liability to the delinquent taxpayer and any other

---

1. Local Rule 41.1(b) provides in relevant part:  "Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal."

person with respect to such property or rights to property arising from surrender or payment."  28 U.S.C. § 6332(e).

It cannot be disputed that the parties agreed to a settlement of this action with a payment of $500,000 to the plaintiffs.  All parties, however, were aware of the IRS levies.  It could not have been reasonably understood by the parties that defendant would pay the funds directly to plaintiffs in defiance of federal law which required the defendant to pay the funds to the IRS to satisfy a liability owed by plaintiff Safeguard.  Any payment to the IRS by defendant is clearly for the benefit of Safeguard.  The parties reached a meeting of the minds before Judge Welsh, and the case was settled.  Accordingly, the motion of plaintiffs to vacate and strike this court's February 4, 2005 dismissal order will be denied.

We turn to defendant's motion for fees and costs in connection with the preparation and filing of plaintiffs' motion to vacate and strike.  While the plaintiffs' motion is clearly without merit, neither plaintiffs nor their counsel have gone so far as to act "in bad faith, vexatiously, wantonly, or for oppressive reasons."  See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).  Defendant's motion will be denied.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAFEGUARD LIGHTING SYSTEMS,    :        CIVIL ACTION
INC., et al.                   :
                               :
          v.                   :
                               :
NORTH AMERICAN SPECIALTY       :
INSURANCE CO.                  :        NO. 03-4145
```

ORDER

       AND NOW, on this 31st day of May, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

       (1)  the motion of plaintiffs to vacate and strike order of February 4, 2005 is DENIED; and

       (2)  the motion of defendant for fees and costs is DENIED.

                                    BY THE COURT:

                                    /s/ Harvey Bartle III
                                                          J.